IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| Karen G. Adkins, | : | |
| --- | --- | --- |
| Plaintiff | : | Civil Action 2:11-cv-00619 |
| v. | : | |
| Weltman, Weinberg & Reis Co., L.P.A.,, | : | Magistrate Judge Abel |
| | : | |
| Defendant | | |
| | : | |

# Order

Plaintiff Karen Adkins brings this action against defendant Weltman, Weinberg & Reis Co., L.P.A. asserting individual and class action claims for violation of the Fair Debt Collection Practices Act ("FDCPA"). This matter is before the Court on defendant Weltman, Weinberg & Reis Co., L.P.A.'s ("WWR") November 23, 2012 motion to dismiss plaintiff's amended complaint (doc. 19).

### I. Issue presented

Defendant WWR argues that the garnishment action it brought against plaintiff Adkins was not "a legal action on a debt against a[ ] consumer . . . " within the meaning of 15 U.S.C. § 1692i(a)(2)(A) and (B). To establish a claim under the FDCPA, plaintiff must prove:

1. Defendant is a debt collector.

2. Plaintiff is a consumer.

3. Defendant brought a legal action.

4. The legal action was on a debt.

5. The legal action was against the consumer

Here it is undisputed that WWR is a debt collector, Adkins is a consumer, WWR brought a legal action (garnishment proceeding), and that legal action was on a debt (a judgment entered on an obligation to pay arising out of a consumer transaction). The sole issue is whether the garnishment action was "against any consumer."

For the reasons set out more fully below, I conclude that the garnishment action was against Adkins. A garnishment seeks to attach a debt a third party owes the judgment debtor to satisfy the judgment. If there is no debt owed the judgment debtor, there can be no garnishment. The judgment debtor–as the real party in interest–has a due process right to notice of the garnishment and an opportunity to defend. It would put form over substance to find that a garnishment action is solely "against" the third party debtor and not the judgment debtor.

**II. Allegations in the Amended Complaint**

On October 5, 2010, WWR, filed a civil complaint on behalf of Discover Bank against Adkins in the Lawrence County Municipal Court. Am. Compl. at ¶ 8. On December 8, 2010, WWR obtained a default judgment against Adkins. *Id.* at ¶ 11. On January 25, 2011, WWR initiated a new legal action by causing the certificate of judgment that it had obtained from the Lawrence County Municipal Court to be filed

with the clerk of court for the Franklin County Municipal Court. *Id.* at ¶ 13. On March 28, 2011, WWR filed a motion and supporting documents requesting a wage garnishment in the Franklin County case. *Id.* at ¶ 14. On April 4, 2011, the court ordered that Adkins' wages be garnished. The court issued a notice to plaintiff indicating that if she contested the wage garnishment, she could request a hearing. If she had requested a hearing, it would have taken her 2 hours and 40 minutes to drive 132 miles to Columbus. *Id.* at ¶ 15. WWR's purpose in transferring the judgment and filing a writ of garnishment in the Franklin County Municipal Court was solely for the convenience of it and for the inconvenience of Adkins. *Id.* at ¶ 17. WWR caused the writ of garnishment to be served on Adkins' employer who was located entirely in the state of West Virginia and had no significant contacts with the state of Ohio. *Id.* at ¶ 18. Adkins' wages were unlawfully garnished in the amount of $234.33. *Id.* at ¶ 22.

The complaint asserts violations of the Fair Debt collection Practices Act, 15 U.S.C. § 1692, *et seq*, including:

> (a) the filing of legal actions against consumers in a judicial district in which a consumer did not contract to receive the services in question or where the consumer did not reside at the commencement of the action in question in violation of 15 U.S.C. § 1692i;
>
> (b) the false representation of the character, amount or legal status of the debt in violation of 15 U.S.C. §1692e(2)(A);
>
> (c) the threat to take action that cannot be legally taken in violation of 15 U.S.C. § 1692e(5);
>
> (d) the utilization of false and deceptive means to collect or to attempt to collect a debt in violation of 15 U.S.C. § 1692(e)(10);

(e) engaging in conduct which had the natural consequence of oppressing and abusing plaintiff and the class of persons she seeks to represent in violation of 15 U.S.C. § 1692d;

(f) the use of a false, misleading and deceptive representation or means to collect a debt in violation of 155 U.S.C. § 1692e; and,

(g) the use of unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C.§ 1692f.

**III. Arguments of the Parties**

    **A.   Defendant Weltman, Weinberg & Reis Co. L.P.A.**

Defendant argues that the venue requirements of 15 U.S.C. § 1692i do not apply to garnishment proceedings. Under 15 U.S.C. § 1692i(a)(2)(A) and (B), "a debt collector who brings any legal action on a debt against any consumer" other than enforcing an interest in real property, must bring the action in the judicial district where the consumer signed the contract being sued upon or where the consumer resided at the commencement of the action. According to defendant, the phrase "legal action on a debt" is not defined in the statute making it susceptible to more than one interpretation. Because of this ambiguity, defendant maintains that it is proper to refer to the legislative purpose and intent of the statute. Defendant maintains that in enacting the FDCPA, it expressed its intent to adopt the fair-venue standards developed by the Federal Trade Commission. Although Congress intended to curb forum abuse that resulted in the debt collector obtaining a default judgment on the debt, the statute does not address where a post-judgment garnishment against a garnishee must be brought.

4

Defendant maintains that the rationale behind the venue provision does not apply to the collection of a previously obtained judgment or the garnishment of a debtor's wages pursuant to a judgment because the debtor has already had the opportunity to defend the original action.

Defendant further argues that plaintiff fails to identify any false representations concerning the character, amount, or legal status of any debt. The only factual allegations contained within count 1 relate to the plaintiff's concerning the venue provision. Defendant also argues that there are no factual allegations to support claims that defendant threatened any action that could not be taken legally or that it used false, deceptive, or unconscionable means to collect a debt. To the extent that plaintiff bases her claim under 15 U.S.C. § 1692f on the same factual allegations supporting her 15 U.S.C. § 1692i claim, it should be dismissed. Section 1692f is intended to be used only where no other section specifically addresses the conduct. The amended complaint also fails to state any factual allegations as to what of actions defendant took that were harassing, oppressive, or abusive.

Defendant also argues that count 2 of the amended complaint also fails to state a claim upon which relief can be granted because a court of common pleas that issues an order of garnishment of personal earnings has jurisdiction to serve process upon a garnishee who does not reside within the territorial jurisdiction of the court. Furthermore, a challenge to personal jurisdiction must be raised in the first responsive

pleading or it is waived. A waiver of personal jurisdiction is not subject to collateral attack.

### B. Plaintiff Karen Adkins

Plaintiff argues that the term "legal action," as used in the FDCPA, includes separate actions to enforce previously obtained judgments. Relying on *Fox. v. Citicorp Credit Servs., Inc.*, 15 F3d 1507, 1515 (9th Cir. 1994), plaintiff argues that legal action encompasses all judicial proceedings, including those in enforcement of a previously-adjudicated right. It makes no difference if the obligation on the debt has been reduced to a judgment. When enacting the FDCPA, Congress was concerned about consumers having to defend against suits in distant or inconvenient courts. The same concern applies to defending against actions to enforce the judgment.

Plaintiff maintains that courts which have considered the plain language of the statue have concluded that an action to enforce a judgment is a "legal action," which is subject to the FDCPA's venue provision. Plaintiff argues that defendant's reliance on the Federal Trade Commission's official commentary to the FDCPA is not appropriate because it conflicts with the language of the statute. Plaintiff further contends that the commentary is not entitled to any deference.

With respect to *Pickens v. Collection Servs. of Athens, Inc.,* 165 F. Supp. 2d 1376 (M.D. Ga. 2001), plaintiff argues that the Georgia garnishment procedures differ significantly from Ohio's procedures. In Georgia, the consumer debtor is not a party to

the garnishment action. Rather, the proceeding is an action between the judgment creditor and the garnishee.

Plaintiff maintains that the conduct of the defendant may constitute further statutory violations such as false representation of the character, amount, or legal status of the debt; the threat to take action that cannot be legally taken; the utilization of a false or deceptive means to collect a debt, and unfair or unconscionable means to collect a debt; conduct which had the natural consequences to oppress, harass, and abuse; and conduct which constitutes a false, deceptive, or misleading representation or means in connection with the collection of a debt.

Plaintiff argues that defendant's garnishment of plaintiff's out-of-state employer was unconstitutional because his employer did not have sufficient minimum contacts with Ohio to permit the state court to exercise personal jurisdiction over it.

**IV. Motion to Dismiss**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the

party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155-56.

### V. Discussion

Section 1692i of title 15 of the United States Code provides in pertinent part:

(a) Venue
Any debt collector who brings any legal action on a debt against any consumer shall–
. . .
(2) . . . bring such action only in the judicial district or similar legal entity--
(A) in which such consumer signed the contract sued upon; or
(B) in which such consumer resides at the commencement of the action.

15 U.S.C. § 1692i. Here, the parties dispute whether the language of the statute stating "any legal action on a debt against a consumer" encompasses a garnishment proceeding attaching plaintiff's earnings. The Sixth Circuit has not had occasion to rule on the matter, and the parties rely on competing caselaw, which is not binding on this Court.

In *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994), the court held that an application for a writ of garnishment falls within the venue provision:

> By its terms, section 1692i reaches "any legal action on a debt." The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Thus, the June 1989 stipulated judgment was entered in a legal action based upon a "debt" as defined in the FDCPA. Furthermore, the definition of "debt" specifically states that it applies "whether or not such obligation has been reduced to judgment." *Id*. Nonetheless, Citicorp contends that the application for a writ of garnishment is not a "legal action on a debt" for purposes of section 1692i.
>
> The plain meaning of the term "legal action" encompasses all judicial proceedings, including those in enforcement of a previously-adjudicated right. *Cf. S & M Investment Co. v. Tahoe Regional Planning Authority*, 911 F.2d 324, 326-27 (9th Cir.1990) (construing term "legal action" as used in interstate compact), cert. denied, 498 U.S. 1087, 111 S.Ct. 963, 112 L.Ed.2d 1050 (1991). Because "debt" includes obligations reduced to judgment, any judicial proceeding relating to such a judgment constitutes a "legal action on a debt."
>
> Moreover, the purpose of the venue provision supports our rejection of an enforcement-action exception. In enacting the provision, Congress was concerned about consumers having to defend against suits in "distant or inconvenient" courts. S.Rep. No. 382, 95th Cong., 1st Sess. 5 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699. Consumers face similar burdens in defending against enforcement actions. Here, for example, had the writ not been quashed, the Foxes would have had to move for its quashing or defend against the amount of garnishment in a distant court. We find no indication that Congress intended to exclude enforcement

> actions, entailing the same concerns as initial adjudications, from the venue provision. Accordingly, we conclude that such actions are subject to section 1692i.

*Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1515 (9th Cir. 1994). In a footnote, the court acknowledged that its holding

> may be in tension with the FTC's non-binding commentary. *See* 53 Fed. Reg. at 50,109 (judgment obtained in proper forum may be enforced in another jurisdiction). Nonetheless, as with the "pure legal action" exemption issue, we conclude that the plain language of the statute compels our decision.

*Id.* at n. 8. Defendant, on the other hand, relies on *Pickens v. Collection Services of Athens, Inc.*, 165 F. Supp. 2d 1376 (2001), which held a garnishment action is not subject to the venue provision of the FDCPA. The *Pickens* Court held that the statutory language was clear and that the statute applied only to legal actions that were brought against the consumer. The court considered the specific procedures that must be followed in a garnishment proceeding under Georgia state law and noted that a garnishment proceeding is an action between the judgment creditor and the garnishee. A judgment debtor may become a party to the proceeding by filing a traverse, but the judgment debtor is not a party to the garnishment. Because the action is against the garnishee, rather than the judgment debtor, the *Pickens* court held that it was not an action against the consumer and therefore not subject to the venue provision of the FDCPA. The court further stated:

> The Court recognizes the concern that not applying the FDCPA's venue provision in collection proceedings against parties other than the debtor could circumvent the purpose of the FDCPA as the debtor is ultimately

affected by these actions. The Court notes, however, that in enforcement actions such as the one at issue in this case, the debtor has already had the chance to defend the debt action in the original proceeding in which the judgment was obtained. The original proceeding should have complied with the FDCPA and been brought against the debtor in one of the jurisdictions provided for under the venue provision. The Court believes that the Federal Trade Commission's commentary on this issue supports the Court's analysis. The FTC considered the venue provision and commented that "[i]f a judgment is obtained in a forum that satisfies the requirements of the section, it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum." 53 Fed. Reg. 50,097, 50,109 (1988). Although the FTC commentary is non-binding, the Eleventh Circuit has noted that in interpreting the FDCPA, the commentary should be given considerable weight. *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1372, n. 2 (11th Cir.) (1998) (citing *Chevron, U.S.A. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), and remarking that because the FTC is responsible for administering the FDCPA, "its interpretation should be accorded considerable weight").

*Pickens v. Collection Services of Athens, Inc.*, 165 F. Supp. 2d 1376, 1380 -1381 (M.D. Ga., 2001).

The construction of a statute requires a court to start with its plain meaning. Here the FDCPA provides that "a legal action on a debt against a[ ] consumer . . . " must be brought where the consumer resides. 15 U.S.C. § 1692i(a)(2)(A) and (B). To be entitled to that protection, the plain language of the statute requires a plaintiff to prove that (1) the defendant is a debt collector; (2) she is a consumer; (3) defendant brought a legal action; (4) the legal action was on a debt; and (5) the legal action was against the consumer.

WWR concedes it is a debt collector and Adkins is a consumer. Although the term "legal action" is not defined by the statute, a garnishment proceeding is without

doubt a legal action. Next, a plaintiff must prove that the garnishment proceeding was "on a debt." The term "debt" is defined by the statue as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, *whether or not such obligation has been reduced to judgment*.

15 U.S.C. § 1692a (emphasis added). Here WWR reduced a consumer debt to judgment. The plain meaning of the statutory definition of "debt" is that a consumer debt remains a debt within the meaning of the FDCPA when it is reduced to judgment. Indeed, there would be no question about whether a debt collector who engaged in prohibited practices when telephoning or otherwise communicating with the debtor to collect on the judgment was attempting to collect on a "debt" within the meaning of the Act. 15 U.S.C. § 1692a(5). Consequently, the garnishment proceeding was "on a debt."

Thus, resolution of the motion to dismiss hinges on whether a garnishment action is "against" the consumer who is a judgment debtor. Only the judgment creditor and the judgment debtor have any beneficial interest at stake in a garnishment action. The nominal "defendant" in a wage garnishment, the employer-debtor of the employee-judgment debtor, has no claim to the money garnisheed. The employer's only interest is in not becoming liable to pay the wages to both the employee and the employee's judgment creditor.[1] That danger is avoided by paying the wages into the court, which

---

[1] If the garnishee does not owe wages to the judgment debtor, he or she answers the garnishment by so stating.

12

then determines who is entitled to those funds. The garnishment is not against the employer, it is against the employee-judgment debtor.

The Due Process Clause of the Fourteenth Amendment to the Constitution of the United States recognizes that obvious fact by requiring the judgment creditor to give notice to the judgment debtor of the garnishment and requiring the issuing court to afford the judgment debtor an opportunity to contest the garnishment. *Sniadach v. Family Finance Corp. of Bay View*, 395 U.S. 337 (1969).

I recognize that my conclusion is contrary to the Federal Trade Commission's commentary regarding actions to satisfy consumer debts reduced to judgment:

> If a judgment is obtained in a forum that satisfies the requirements of this section, it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum.

53 Fed. Reg. 50109. While this may be sound public policy, it is contrary to the plain meaning of the statute. Defendant's motion to dismiss plaintiff's claim based on a violation of the venue requirements of 15 U.S.C. § 1692i is DENIED.

In addition to her claim for violation of section 1692i, plaintiff also asserts that defendant:

- falsely represented the character, amount or legal status of the debt in violation of 15 U.S.C. §1692e(2)(A);

- threatened to take action that cannot be legally taken in violation of 15 U.S.C. § 1692e(5);

- utilized false and deceptive means to collect or to attempt to collect a debt in violation of 15 U.S.C. § 1692(e)(10);

13

- engaged in conduct which had the natural consequence of oppressing and abusing plaintiff and the class of persons she seeks to represent in violation of 15 U.S.C. § 1692d;

- used false, misleading and deceptive representation or means to collect a debt in violation of 155 U.S.C. § 1692e; and,

- used unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C.§ 1692f.

Plaintiff fails to assert any factual allegations to support these claims. Her claims are simply conclusions of law devoid of any factual support. As a result, defendant's motion to dismiss these claims is GRANTED.

**VI. Conclusion**

For the reasons stated above, Weltman, Weinberg & Reis Co., L.P.A.'November 23, 2012 motion to dismiss plaintiff's amended complaint (doc. 19) is DENIED in part and GRANTED in part. Plaintiff's claim based on violation of 15 U.S.C. § 1692i remains pending.

s/ Mark R. Abel
United States Magistrate Judge
