# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KAREN ADKINS & LEIGH ANNE ADKINS,** | Case No.  2:11-cv-619-GLF-MRA |
| | Judge Gregory L. Frost |
| **Plaintiffs, on behalf of themselves and all similarly situated persons,** | Magistrate Judge Mark R. Abel |
| vs. | **ORDER PRELIMINARILY APPROVING SETTLEMENT** |
| **WELTMAN, WEINBERG & REIS CO., L.P.A.,** | |
| Defendant. | |

_____

This matter came before the Court on the parties' Joint Motion for an Order Preliminarily Approving Proposed Settlement, Approving Notice, and Scheduling Final Approval Hearing, filed May 28, 2013 ("Joint Motion").  No party opposes the relief now sought.

Based on the written submissions and evidence presented in connection with the Joint Motion, the Court makes the following findings and determinations only for purposes of considering the class action settlement currently before the Court:

IT IS HEREBY DETERMINED AND ORDERED:

1.	The settlement proposed in the Class Action Settlement Agreement and Stipulation, filed May 28, 2013 (the "Agreement") as Exhibit 1 to the Joint Motion, is within the range of possible settlements suitable for final approval as fair, just, equitable, reasonable, adequate, and in the best interests of the Class, and was negotiated at arm's-length.

2.	The Agreement and the terms of the settlement, including Class Counsel's attorneys' fees and expenses, are hereby preliminarily approved as fair, reasonable, adequate, proper, and in the best interests of the Class.

3.	The proposed settlement is sufficient to justify giving notice of the Settlement to the Class.

4.	Pursuant to the Parties' Amended Stipulation dated July 12, 2012 (Doc. 36), the Court hereby CERTIFIES the following Class:

> A general class of consumers consisting of all persons against whom the Defendant brought a legal action between July 15, 2010 and the date this order is entered by the Court in an Ohio county on a judgment, other than the Ohio county in which the judgment was taken, in which county the consumer did not sign the contract sued upon and where the consumer did not reside at the time of the filing of such action.

5.	The named Plaintiffs, Karen G. Adkins and Leigh Anne Adkins, are designated as the representatives of the Class.

6.	Counsel to the named Plaintiffs, Gregory S. Reichenbach and Steven C. Shane, are appointed as Class Counsel.

7.	The Plan of Allocation set forth in the Agreement is hereby approved.

8.	In the event that (1) the Agreement is terminated pursuant to its terms or the Effective Date does not occur; (2) the Agreement is not approved in all material respects by the Court; or (3) the Agreement, Preliminary Approval Order, Final Approval Order, and/or Judgment are reversed, vacated, or modified in any material respect by this or any other Court, then (a) all orders entered pursuant to the Agreement shall be vacated, including, without limitation, all relevant portions of this Order; (b) the instant action shall proceed as though an

Agreement had never been reached; and (c) no reference to the Agreement, or any documents related thereto, shall be made for any purpose; provided, however, that if the Parties to the Agreement agree to jointly appeal an adverse ruling and the Agreement, Preliminary Approval Order, Final Approval Order, and Judgment are upheld on appeal in all material respects, then the Agreement, Preliminary Approval Order, Final Approval Order, and Judgment shall be given full force and effect.  In the event of (1), (2), or (3) in this Paragraph, all Parties reserve all of their rights existing prior to the execution of the Agreement, and the doctrines of res judicata and collateral estoppel shall not be applied.

9. A hearing on the fairness and reasonableness of the Agreement and to determine whether final approval shall be given to it and the request for attorneys' fees and costs by Class Counsel will be held before the Court in Room 218, Joseph P. Kinneary United States Courthouse, 85 Marconi Blvd., Columbus, Ohio on September 9, 2013, at 11:00 a.m. (the "Final Approval Hearing").  Class Counsel is to file a stipulation and/or petition for attorneys' fees and costs by at least five (5) business days prior to the Final Approval Hearing.  The Final Approval Hearing may be adjourned or continued by the Court without further notice to the Class Members.

10. The Court approves the proposed form of notice to the class (the "Class Notice"), attached as part of Exhibit 1 to the Joint Motion (Exhibit A to the Agreement), and method of notice as adequate to inform the Class Members of the Action and as compliant with Due Process.  As soon as practicable after receiving preliminary Court approval of the Agreement and by no later than fourteen (14) days following the entry of this Order granting preliminary approval, the Settlement Administrator will mail the Class Notice to each potential member of the Class on the Class List at the addresses reflected thereon via first class United States Mail, postage prepaid, at

his or her last known address as found in Defendant's files. The Parties may make changes to the Class Notice form prior thereto only with the Court's approval. Class Notice shall be sent by bulk or standard U.S. mail. All expenses of such notice shall be paid by Defendant as set forth in the Agreement.

11. The Class Notice constitutes the best notice practicable under the circumstances, is reasonably calculated to communicate actual notice of the Action and proposed Settlement to the Class Members, and is due and sufficient notice to all persons entitled to notice of the settlement of this Action.

12. Class Members have until August 5, 2013 to opt out of the Class, meaning that any and all requests for exclusion must be postmarked on or before this date. All Persons in the Class who properly file a timely written request for exclusion shall be excluded from the Class (*i.e.*, "opt out" of the Class), and shall have no rights under the Agreement and no right to object to the Agreement. A request for exclusion must be in writing and must: (a) be signed by the potential Class Member seeking exclusion; (b) include the full name and address of the potential Class Member requesting exclusion; (c) be timely postmarked and mailed to the address designated in the Class Notice; and (d) make clear that the potential Class Member wants to be excluded from the Settlement Class. No request for exclusion will be valid unless all of the information described above is included and it is postmarked timely.

13. Class Members have until August 5, 2013 to object to the proposed Agreement, meaning that any and all Objections to the settlement must be post-marked to the Clerk of this Court on or before that date. Any Class Member who does not opt-out may object to the Agreement by both filing with the Court and mailing to Class Counsel and counsel for Defendant, a

written objection notice of objection that includes: (i) proof that the objector is a class member as defined in the Agreement; (2) a statement of each objection being made; (3) a detailed description of the facts underlying each objection; (4) a detailed description of the legal authorities underlying each objection; (5) a list of witnesses (including each witness's mailing address and daytime telephone number(s) who may be called to testify at the Settlement Hearing, either live or by deposition or by affidavit, if any; and (6) a list of exhibits, along with copies of those exhibits, that the objector may offer during the Settlement Hearing, if any (collectively, the Objection). Any Class Member wishing to appear in person at the Final Approval Hearing instead of submitting only a written objection must, along with the required written objection and by the date specified above, file with the Clerk of Court, a written notice of intention to appear at the Final Approval Hearing and mail copies of the same to Class Counsel and counsel for Defendant.  Any Class Member who complies with these requirements may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing, to present any evidence or argument that may be proper and relevant.  Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in the Action.  No Class Member shall be heard and no papers, briefs, pleadings, or other documents submitted by any such Class Member shall be received and considered by the Court unless within the time specified above and in the Class Notice.

14. Subject to final approval of the proposed settlement and Agreement, and subject to the Parties giving the notice required by this Order, the Court approves the provisions of the Agreement making the settlement and its release of claims binding on all Class Members, whether or not they actually received notice of the Action or its settlement.

5

15. In aid of the Court's jurisdiction to implement and enforce the proposed settlement, the Named Plaintiffs and all Class Members shall be preliminarily enjoined and barred from commencing or prosecuting any claim or action inconsistent with the Released Claims, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located. Nothing in this Paragraph shall be construed to prevent a Class Member from presenting objections to the Court regarding the Agreement in accordance with Paragraph 13 of this Order.

16. All papers in support of or in opposition to the Agreement shall be filed and served in accordance with the following schedule: (a) any objections by Class Members and any papers in opposition to the Agreement shall be filed with the Court and served as provided above on or before August 5, 2013; and (b) all papers in support of the Agreement, including responses to objections, shall be filed with the Court and served on or before August 26, 2013. There shall be no replies.

DATED: May 29, 2013                     s/Mark R. Abel
                                   MAGISTRATE JUDGE MARK R. ABEL

SUBMITTED:

| | |
|---|---|
| _____ <br> Karen G. Adkins | */s/Gregory S. Reichenbach* <br> Gregory S. Reichenbach, Esq. <br> P.O. Box 256 <br> Blufton, OH 45817 <br> (419) 529-8300 |
| _____ <br> Leigh Anne Adkins (aka Leigh Anne Rice) | Fax: (419) 529-8310 <br> Greg@ReichenbachLaw.com |
| | */s/Steven C. Shane* <br> Steven C. Shane, Esq. <br> P.O. Box 73067 <br> Bellevue, KY 41073 <br> (859) 431-7800 <br> Fax (859) 431-3100 <br> shanelaw@fuse.net |
| For the Defendant: | |
| | /s/ Christine M. Haaker <br> Christine M. Haaker (#0063225) <br> Nicholas W. Myles (#0083973) <br> THOMPSON HINE LLP <br> Austin Landing I <br> 10050 Innovation Drive <br> Suite 400 <br> Dayton, Ohio 45342 <br> Telephone:    937.443.6822 <br> Facsimile:    937.443.6830 <br> Christine.Haaker@Thompsonhine.com <br> Nicholas.Myles@Thompsonhine.com |