IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KAREN ADKINS & <br> LEIGH ANNE ADKINS, <br><br> Plaintiffs on behalf of themselves and <br> all persons similarly situated, <br><br> vs. <br><br> WELTMAN, WEINBERG & REIS CO., <br> L.P.A., <br><br> Defendant. | Case No. 2:11-cv-619-GLF-MRA <br><br> Magistrate Judge Mark R. Abel |

**ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE**

**COURT FINDINGS**

This matter came before the Court on September 9, 2013 on the joint request of named Plaintiffs, KAREN ADKINS and LEIGH ANN ADKINS, individually and on behalf of a Settlement Class of similarly situated persons (collectively, "Plaintiffs" or "Class Members"), and Defendant WELTMAN, WEIINBERG & REIS CO., L.P.A. ("Defendant"), for final approval of the Class Action Settlement Agreement (the "Agreement").

The total number of Class Members is 1182.

The total number of notices that were mailed is 1182.

The total number of Class Members whose notices were returned as "undeliverable" was 145.

The total number of persons requesting exclusion from the class settlement was zero.

The total number of objections to the settlement received or filed was zero.

1

The Court being duly advised of these premises, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.  <u>Definitions</u>.  For the purposes of this Order Granting Final Approval To Class Action Settlement And Dismissal With Prejudice (the "Order"), the Court adopts by reference each and every definition set forth in the Definitions section and throughout the Class Action Settlement Agreement & Stipulation (the "Settlement") (Doc. 43-1).

2.  <u>Notice</u>.  The Court finds that the distribution of the Notice as provided for in the Conditional Approval Order (Doc. 44) fully and accurately informed all Class Members and Related Parties entitled to notice of the material elements of the Settlement, constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution and any other applicable law.

3.  <u>Objections</u>.  The Court finds that after proper notice to the Class Members and after sufficient opportunity to object, no timely objections to the Settlement have been made.  All Class Members who have not made their objections to the Settlement in the manner provided in the notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.

4.  <u>Exclusions</u>.  The Court finds that after proper notice to the Class Members and after sufficient opportunity to request to be excluded from the Class, no timely requests for exclusion to the Settlement have been made.  All Class Members who have failed to properly file requests for exclusion (requests to opt out) from the Settlement are bound by the terms and conditions of the Settlement and this Order.

5.  <u>Final Approval</u>.  The Court finds that the Settlement is fair, reasonable, adequate, in the best interests of the Class Members, under Rule 23 of the Federal Rules of Civil Procedure, and was

entered into in good faith, and, accordingly, the Court approves the Settlement and directs that the Parties implement it, as follows:

    a.     The Parties are directed to implement the Settlement in accordance with all its terms; and

    b.     All Class Members and their Related Parties shall, as of the entry of Final Judgment, conclusively be deemed to have released and forever discharged Defendant and its Related Parties from all Released Claims, and all Class Members and their Related Parties are forever enjoined and barred from asserting, instituting or prosecuting in any capacity, before any court or governmental agency, any action or proceedings against the Defendant that asserts any Released Claims.

6.     <u>Attorney's Fees, Costs and Expenses</u>. Class attorney's fees, costs and expenses, in the stipulated and agreed upon total amount of $65,936.00, shall be paid within the time period provided in the Settlement to Class Counsel, Gregory S. Reichenbach and Steven C. Shane.

7.     <u>Other Provisions</u>. All other provisions of the Settlement are incorporated into this Order as if fully rewritten herein. To the extent that the terms of this Order conflict with the terms of the Settlement, the Settlement shall control.

8.     <u>Dismissal</u>. This Action, including all consolidated actions, is dismissed with prejudice; subject, however, without affecting the finality of this Order, to this court retaining exclusive and continuing jurisdiction over the Action and the Settling Parties for the purposes of, among other things: (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement, the Preliminary Approval Order and the Order; and (ii) supervising the administration and distribution of

the relief to the Class Members and resolving any disputes that may arise with regard to any of the foregoing.

9. <u>No Admission</u>.  Defendant denies having engaged in any improper, wrongful or illegal activity or having violated any law or regulation or that any person or entity has suffered any harm or damages as a result of any conduct alleged in the Action.  Defendant has agreed to the terms of the Settlement solely in the interest of avoiding costly and protracted litigation and the risk of an uncertain outcome in the Action.  The Settlement and all negotiations, papers, writings, statements and/or proceedings in connection therewith are not, and shall not in any way be construed or used as or deemed to be evidence of an admission or concession on the part of Defendant of fact, law or otherwise, including but not limited to: (i) an admission or concession of any liability or wrongdoing; (ii) an admission or concession that any or all of the Class Members have suffered damage; or (iii) an admission or concession that this case is properly maintainable as a class action apart from the Settlement.  Neither the Settlement Agreement nor any document associated with it shall be deemed to be or construed as an admission by any Settling Party of any act, matter, proposition, or as reflecting any merit or lack of merit of any claim or defense, including but not limited to the appropriateness of class treatment of this Action.

10. <u>No Reason for Delay</u>.  There is no just reason for delay, and this is a final, appealable order as of when it is stamped as received for filing.

11. <u>Costs</u>.  The dismissal of this action shall be without costs taxed to either party.

IT IS SO ORDERED.

Dated: September 16, 2013                    s/Mark R. Abel
                                                                               United States Magistrate Judge